IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

DIGNA VÁZQUEZ RODRÍGUEZ,

   Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

   Defendant.

CIVIL NO.: 18-1616 (MEL)

**OPINION AND ORDER**

On February 10, 2020, judgment was entered reversing and vacating the Social Security Administration's decision to terminate plaintiff Digna Vázquez Rodríguez's benefits under Title 42, United States Code, Section 405(u), as well as remanding this case for further administrative proceedings pursuant to the fourth sentence of Title 42, United States Code, Section 405(g). ECF No. 21. On April 16, 2020, counsel Pedro G. Cruz Sánchez ("Cruz") filed a motion for attorney's fees for the sum of $1,542.02 pursuant to the Equal Access to Justice Act (EAJA), Title 28, United States Code, Section 2412. ECF No. 22. This motion was granted on June 8, 2020, "according to the terms agreed upon in the Government's [25] Response and Consent Request." ECF Nos. 25, 26.

Pending before the court is Cruz's petition for authorization for attorney's fees pursuant to Title 42, United States Code, Section 406(b)(1) for the sum of $10,000.00. ECF No. 28. In his petition, Cruz explains that although a notice of award was notified to the plaintiff and to Mrs. Miriam Otero, the plaintiff's representative at the administrative level, he was not notified of the notice of award by the Social Security Administration because he did not represent the plaintiff at the administrative level. He also explains in a reply to the Commissioner of Social Security's

informative motion that "we thought the close out letter was the more accurate document to be used" as to the issue of timeliness. ECF No. 33, at 6.

    A close out letter is not the focal point that determines when a petition for attorney's fees can finally be submitted. Instead, the triggering event is counsel's receipt of the notice of award. As I have previously held, "a petition for attorney's fees under Section 406(b) must be filed within fourteen (14) days of counsel receiving notice of the benefits award" and "Federal Rule of Civil Procedure 54(d)(2)(B)'s filing deadline is tolled until the Commissioner of Social Security issues the notice of award and the attorney is notified of the same." *Meléndez v. Comm's of Soc. Sec.*, 18-1965 (MEL), 2021 WL 4485393, at 1-2 (citing *Sinkler v. Berryhill*, 932 F.3d 83 (2d Cir. 2019)). This approach of tolling the filing deadline until the notice of benefit awards is received by counsel for purposes of handling of attorney's fees requests pursuant to Section 406(b) in Social Security cases is not at odds with District Court of Puerto Rico Local Rule 54(b), nor with proposed District of Puerto Rico Local Rule 9(d)(2) which provides that a "party seeking attorney's fees pursuant to 42 U.S.C. §406(b) shall have fourteen (14) days after counsel's receipt of the original, amended, or corrected Notice of Award, whichever is latest, to file its request for attorney's fees." 03-MC-115, ECF No. 63-1.

    The documentation submitted suggests that plaintiff Digna Vázquez Rodríguez was sent a notice of award on November 3, 2020. ECF No. 31-1. According to this notice, plaintiff's past-due Social Security benefits were calculated to be $71,157.00 for November 2013 through January 2020, while her family's past-due benefits were determined to be $6,091.00. Since the Social Security Administration withholds 25% of past-due benefits, $17,789.25 were withheld on account of plaintiff's benefits and $1,522.75 due to her family's benefits, for a total of $19,312.00. *Id.* It appears that Cruz, however, never received this notice which is addressed to the plaintiff, not to Cruz. Instead, Cruz received a different letter from the Social Security

Administration dated August 21, 2021 which, although different from the one dated November 3, 2020 addressed to his client, reiterates that $19,312.00 is the sum that has been withheld by the agency. ECF No. 28-2. Oddly, despite being dated August 21, 2021, the letter was faxed to Cruz five days earlier, that is on August 16, 2021. *Id.* Cruz then proceeded to file the petition for Section 406(b) fees on August 18, 2021. ECF No. 28. Therefore, because it was not until August 16, 2021 that Cruz was finally notified of the amount of attorney's fees withheld, his petition for Section 406(b) will not be deemed untimely. Plaintiff's counsel, however, ought to take the necessary steps in future cases to ensure that he promptly receives from the Social Security Administration notices of award of any clients of his that prevail in court.

Turning now to whether Cruz's request for $10,000.00 in attorney's fees is reasonable, it should be noted from the outset that this sum, as conceded by the Commissioner of Social Security, does not exceed 25% of plaintiff's past due benefits for disability insurance. ECF No. 31, at 4. The fee contract between the plaintiff and Cruz also allows for Section 406(b) fees up to 25% of the past due benefits that are awarded to the plaintiff and her family, if any. ECF No. 28-1. In addition, as the defendant acknowledges, there is no indication that counsel's conduct has been improper or that his representation was substandard in this case. ECF No. 31, at 4.

Now, "[w]ithin the 25 percent boundary … the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered" and not "inordinately large." *Gisbrecht v. Barnhart,* 535 U.S. 789, 805-807 (2002). Here, Cruz devoted 7.6 hours to this case. ECF No. 22-1. Thus, the request for $10,000.00 amounts to a *de facto* hourly rate of $1,315.78. In support of his fee request, Cruz has submitted declarations from other attorneys and decisions from other courts regarding attorney's fees in Social Security cases. ECF Nos. 33-1 through 33-3. Each case, however, must be evaluated individually, taking into account multiple factors, and

while it may be reasonable to fully award 25% of past-due Social Security benefits in attorney's fees in a particular case, that is not automatically always the case.

Cruz's request for $10,000.00 in attorney's fees is excessive, particularly taking into account that in this case the Commissioner of Social Security filed an unopposed motion to remand, thus sparing plaintiff from having to file a detailed memorandum in support of the request to reverse the decision of the Commissioner of Social Security. ECF No. 19. On the other hand, some of the delays in this case were reasonable as evidenced by plaintiff's counsel's motion to stay the proceedings pending a resolution on a motion to consolidate cases. ECF Nos. 14, 17.

After evaluating all the matters previously discussed and the filings of both Cruz and the Commissioner of Social Security regarding the petition under Section 406(b), Cruz's request for attorney's fees under Section 406(b) is GRANTED IN PART AND DENIED IN PART. Attorney's fees under Section 406(b) are awarded for the sum of $4,674.00. Cruz is ordered to, within seven days of receipt of the 406(b) fees, refund plaintiff the EAJA fees paid to him pursuant to EAJA.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 11th day of February, 2022.

s/Marcos E. López
U.S. Magistrate Judge
